**SO ORDERED.**

**SIGNED this 20 day of September, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

IN RE:

TIMOTHY FRANCIS KINCADE,         CHAPTER 7
                                  CASE NUMBER: 10-02462-8-RDD
    DEBTOR

_____

**ORDER OVERRULING OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS**

This matter came before the court on the trustee's objection to the debtor's claim of exemptions and amended exemptions. A hearing was held in Greenville, North Carolina on September 2, 2010.

The debtor filed a petition for relief pursuant to chapter 7 of the Bankruptcy Code on March 29, 2010. The duly appointed chapter 7 trustee, George M. Oliver, objects to the debtor's claim of the residential exemption pursuant to N.C.G.S. § 1C-1601(a)(1). The amended schedules list property located at 1201 New Lake Road, Belhaven, North Carolina as being owned by the debtor. Further description of the property is provided in the amended schedules as a "mobile home on 10 acres of land with 96 foot hog barn." The trustee contends that the 10 acres has been divided into two separate parcels, a 1.5 acre tract and an 8.5 acre tract. The 1.5 acres includes the manufactured home which the debtor used as his residence and which is subject to a lien and deed of trust in favor

of Bank of America. The remaining 8.5 acre tract includes the hog barn, all of which is unencumbered. The trustee asserts that the debtor is not permitted to claim an exemption under § 1C-1601(a)(1) as to the 8.5 acres because it is property which is not the debtor's residence.[1]

On December 22, 2004, the debtor purchased 10 acres in Hyde County, North Carolina. The deed evidencing the purchase is recorded in Book 207, Page 266 of the Hyde County Registry. The debtor testified that he considered the entire 10 acre tract as his "homestead." On September 10, 2007, a deed of trust was executed to secure the amount of $92,872.00 for the purchase of the mobile home. As collateral, the deed of trust included the mobile home as well as 1.5 acres of the total acreage owned by the debtor. A survey was commissioned at the bank's insistence to plot out the 1.5 acres. The debtor contends that he offered all 10 acres to the bank as security, but was informed that the whole parcel was unnecessary. It was never the debtor's intent that the land be divided into separate and distinct parcels.

At the time of the filing of the petition, the debtor was living in the mobile home located on the 1.5 acres. However, because of his inability to pay the mortgage, the debtor surrendered the collateral subject to Bank of America's deed of trust. The debtor is currently renovating a portion of the hog barn on the remaining 8.5 acres to make it suitable for living. Because the debtor lived in the mobile home on the 1.5 acres and not the hog barn on the 8.5 acres on the date of petition, the trustee argues that the 8.5 acres is not a residence subject to exemption. The trustee supports his

---

[1] In the debtor's Schedule C and Amended Schedule C, the market value of the property as a whole is $115,000.00. Bank of America holds a note with a payoff in the amount of $90,916.96 which is secured by a deed of trust on the mobile home and 1.5 acre tract. The unencumbered 8.5 acres is valued at $25,000.00. $24,083.04 is the value claimed as exempt.

argument with this court's ruling in In re Lanier, 2008 WL 1806117 (E.D.N.C. April 18, 2008), *aff'd sub nom*. Lanier v. Beaman, 394 B.R. 382 (E.D.N.C. 2008).

In Lanier, this court found that an adjacent pasture of 9.026 acres used to keep rescued horses, but which use was not linked to the support, existence, or enhancement of the structure in which the debtors lived could not be claimed as exempt residential property of the debtors. Moreover, the property in Lanier upon which the debtor's principal residence was located was conveyed separately from the adjacent acreage. There was a time span of several months between the conveyance of the residential property and conveyance of the adjacent acreage. Lanier, 2008 WL 1806117 at * 2. These facts are distinguishable from the present case.

11 U.S.C. § 101(13A) states:

> The term "debtor's principal residence" -
> (A) means a residential structure, including incidental property, without regard to whether the structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufacture home, or trailer.

11 U.S.C. § 101(27B) states:

> The term "incidental property" means, with respect to the debtor's principal residence -
> (A) property commonly conveyed with a principal residence in the area where the real property is located;
> (B) all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and
> (C) all replacements or additions.

At the hearing, the debtor testified that he bought the 10 acres upon retirement. The debtor always viewed the entire 10 acre parcel, even after the land survey, as his homestead. Prior to the start of renovations, the hog barn housed the debtor's tractor and gardening tools. This equipment was used to maintain all 10 acres of the property. Also stored in the hog barn was firewood used by the debtor in colder months for heating a fireplace/wood burning stove in the debtor's manufactured home.

3

In addition to the hog barn, when the debtor purchased the property there was a lagoon on the 8.5 acres. The debtor has since converted the lagoon into a fish pond for recreational purposes. The debtor acknowledges that the 8.5 acres does maintain separate electric service and a separate septic tank. It is also possible to access the 8.5 acres without needing to pass through the 1.5 acre portion of the property. However, the debtor states that none of the apparent separateness resulted from his actions and were already present at the time of purchase. Hyde County sends the debtor only one tax bill for the property in its entirety.

Exemptions are to be liberally construed in favor of the debtor. In re Mims ,49 B.R. 253 (Bankr. E.D.N.C. 1985). The court finds that although the hog barn on the 8.5 acres has a separate utility bill, it was used for support, existence, and enhancement of the 1.5 acres and is residential property of the debtor subject to exemption. Even before making arrangements to move into the hog barn, the barn served as a storage facility for the debtor's tractor, tools and firewood. These items were utilized for the benefit of the whole 10 acres. Moreover, the property was sold to the debtor as one parcel of land as evidenced by the deed of record in Hyde County and is billed by the Hyde County tax collector as such. By surrendering the collateral subject to Bank of America's lien, the debtor has surrendered a portion of his residence, but the remaining 8.5 acres is also the debtor's principal residence pursuant to 11 U.S.C. §§ 101(13A) and 101(27B). The 8.5 acres is easily identifiable as "incidental property" as acreage is commonly conveyed in the area where the real property is located. In rural Hyde County, such acreage is commonly considered as the homestead or residence. Therefore, the debtor may claim the entire 10 acre tract as property the debtor uses as a residence. By storing tools, a tractor, firewood, and using the converted lagoon as a pond for

recreational fishing, the debtor clearly "uses" the hog barn and 8.5 acres as a residence pursuant to N.C.G.S. § 1C-1601(a)(1).

Based on the foregoing, the trustee's objection to the claim of exemptions is **OVERRULED**. The debtor's exemption as claimed is **ALLOWED**.

**SO ORDERED.**

**END OF DOCUMENT**